UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | CASE NO. 2:23-cr-138 |
| Plaintiff, | |
| v. | CHIEF JUDGE MORRISON |
| **DAVON LYN RAYFORD,** | |
| Defendant. | |

### SENTENCING MEMORANDUM OF THE UNITED STATES

The United States of America, by and through its counsel of record, hereby submits the following sentencing memorandum to aid the Court in its consideration of sentencing issues in this case. This sentencing memorandum is based upon the attached memorandum of points and authorities, the Presentence Investigation Report ("PSR") in this case, and any further evidence or argument as may be presented at any sentencing hearing in this matter.

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

*s/ Elizabeth A. Geraghty*
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215
Office: (614) 469-5715
Email: Elizabeth.Geraghty@usdoj.gov

1

**MEMORANDUM**

I. **BACKGROUND**

On June 22, 2023, the Grand Jury for the Southern District of Ohio returned a four-count Indictment against the defendant, Davon Lyn Rayford ("Rayford"). Rayford was charged in Counts One and Four with felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); in Count Two with possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and in Count Three with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

On June 18, 2024, Rayford entered a plea of guilty to Counts Two and Three of the Indictment, consistent with the terms of the plea agreement into which the United States and the defendant entered pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure. (ECF DOC No. 34).

As to Count Two, the Probation Officer calculated Rayford's advisory sentencing range under the United States Sentencing Guidelines ("Guidelines") as 77 to 96 months of imprisonment based on a Total Offense Level of 21 and a Criminal History Category of VI. Count Three carries a mandatory minimum sentence of 60 months that must run consecutive to Count Two.

There are no unresolved objections to the PSR. Sentencing is set for October 22, 2024.

As set forth below, the United States recommends that the Court impose a sentence of 77 months of imprisonment on Count Two consecutive to a 60-month

sentence on Count Three for a total sentence of 137 months with a term of supervised release, and a fine to be determined by the Court. The United States is requesting this term of imprisonment be served consecutive to the defendant's state sentence he is serving with the Ohio Department of Rehabilitations and Corrections. Rayford's expected release date for his state sentence is August 29, 2026.

## II. LEGAL STANDARD

After *United States v. Booker*, 543 U.S. 220 (2005), district courts should engage in a three-step sentencing procedure. *See* U.S.S.G. § 1B1.1(a)-(c) (outlining the sentencing process). First, the Court should calculate the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007) ("As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark."). Second, the Court should consider whether a departure from the Guidelines range is appropriate. *Rita v. United States*, 551 U.S. 338, 351 (2007). Third, the Court should consider "all of the [18 U.S.C.] § 3553(a) factors" in deciding what sentence to impose. *Gall*, 552 U.S. at 49–50. Under 18 U.S.C. § 3553, the Court is directed to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). *Booker* requires that the sentence a district court imposes be reasonable. *United States v. Jackson*, 408 F.3d 301, 304 (6th Cir. 2005). A sentence within the applicable Guidelines range is deemed presumptively reasonable. *Rita*, 551 U.S. at 347; *United States v. Graham-Wright*, 715 F.3d 598, 604 (6th Cir. 2013); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) ("We now join several

sister circuits in crediting sentences properly calculated under the Guidelines with a rebuttable presumption of reasonableness.")

### III. ANALYSIS

#### A. Sentencing Guidelines Range

Count Three carries a mandatory term of imprisonment of 60 months that must run consecutive to any sentence imposed on Count Two. As to Count Two, probation determined Rayford's Total Offense Level as 21 after adjusting for specific offense characteristics and acceptance of responsibility. Due to the defendant's vast criminal record, he was assigned to Criminal History Category VI. The advisory sentencing range in the PSR is 77 to 96 months of imprisonment. The Guidelines range was properly calculated.

#### B. Possible Departures

The United States is not seeking a departure in this case.

#### C. Sentencing Factors in 18 U.S.C. § 3553(a)

In addition to the Guidelines, the Court must consider seven factors in determining a sentence: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the statutory purposes of sentencing; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range as set forth in the Guidelines; (5) the Guidelines policy statements; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The United States submits that

4

consideration of these factors supports a sentence of 137 months consecutive to his current state sentence of imprisonment.

### 1. The Nature and Circumstances of the Offense

The facts and circumstances of the instant offense demonstrate how dangerous a person Rayford is. Over a two-day period in February 2023 – while under supervision for a prior robbery conviction – he committed the instant offenses.

On February 23, 2023, Rayford went to Top Golf Polaris with several other people. At approximately 4:30pm, the defendant left Top Golf and went to his car in the parking lot. He was in an altercation with the other individuals he had previously been in the facility with golfing. Rayford went to his car, retrieved a Glock 9mm pistol and fired several shots at those individuals in their car and fled. The Top Golf parking lot was full of other customers at the time, also present was a special duty officer that heard the shots. Investigators collected the four spent shell casings and were able to identify Rayford via the surveillance video.

Luckily, on February 24, 2023, Rayford was involved in a car crash. When officers arrived, they found an intoxicated Rayford trying to leave the scene of the crash. Upon arresting Rayford they recovered 42.53 grams of methamphetamine, 7.95 grams of cocaine, 5.42 grams of fentanyl, 79 Xanax tablets, and 55 tablets that tested positive for fentanyl. Additionally, a Glock 9mm was under the bag that contained most of the drugs. Over $5000 was recovered from Rayford's person. The Glock pistol was sent to the crime lab and found to be a ballistics match to the one used at the Top Golf shooting.

### 2. The History and Characteristics of the Defendant

Rayford is dangerous. His contact with the courts begins at the age of 15 and escalates over time. His history of violence and noncompliance should give the Court pause.

The defendant, who is 28 years old, has lived in Columbus, Ohio his entire life raised by his supportive mother. Although not raised by his biological father, he had a good relationship with his stepfather. Rayford is the father to five children. He graduated from high school while in DYS.

Rayford's use of illicit substances begins at the age of 13 with marijuana usage daily until the date of his arrest. (PSR ¶76.) He frequently abused other controlled substances and abuses alcohol. He has received treatment in the past while incarcerated, both as a juvenile and as an adult.

### 3. The Statutory Purposes of Sentencing

A sentence of 137 months of imprisonment, which is in at the low end of the guidelines for Count Two plus the 60 months for Count Three, would serve the statutory purposes of sentencing. Such a sentence would reflect the nature and seriousness of Rayford's offense – possessing dangerous drugs with the intent to distribute and having a loaded firearm - and would be just punishment for his actions. Within the drugs confiscated by law enforcement were 55 tablets that tested positive for fentanyl – people in our community are dying because they think they are buying a tablet of one drug, and it turns out to be fentanyl. Furthermore, Rayford is a felon and cannot possess a firearm. The community is not safe with Rayford in it.

Sentencing the defendant to a meaningful term of incarceration would also provide a measure of deterrence. A term of supervised release will allow the Court to monitor the defendant's compliance with the law, ease his re-entry into the community, and give him access to the services he needs.

### 4. The Kinds of Sentences Available and the Sentencing Range

The government submits that a sentence of incarceration of 137 months is reasonable in this case. With respect to supervised release, the Court may impose a term of supervised release of a minimum of five years.

### 5. The Sentencing Guidelines Policy Statements

There are no policy statements that the United States wishes to highlight in this case.

### 6. The Need to Avoid Unwarranted Sentencing Disparities

A sentence of 137 months of imprisonment reflects the seriousness of the offense but also accounts for the facts and circumstances of this case. Therefore, the sentence that the United States is recommending would avoid unwarranted sentencing disparities in a similar case. *See United States v. Houston*, 529 F.3d 743, 752 (6th Cir. 2018) ("Considering that one of the fundamental purposes of the Guidelines is to help maintain national uniformity in sentences, and considering that most sentences are within the Guidelines, the Guidelines themselves represent the best indication of [uniform] sentencing practices.").

### 7. The Need to Provide Restitution

The United States is not seeking restitution in this case.

## IV. CONCLUSION

For the foregoing reasons, the United States submits that a sentence of 137 months followed by a term of supervised release is sufficient, but not greater than necessary, to satisfy the goals of sentencing.

    Respectfully submitted,

    KENNETH L. PARKER
    United States Attorney


    *s/ Elizabeth A. Geraghty*
    ELIZABETH GERAGHTY (0072275)
    Assistant United States Attorney
    303 Marconi Boulevard, Suite 200
    Columbus, Ohio 43215
    Office: (614) 469-5715
    E-mail: Elizabeth.Geraghty@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Sentencing Memorandum was served this 13th day of October 2024 electronically upon counsel of record for the defendant.

*s/ Elizabeth A. Geraghty*
ELIZABETH GERAGHTY (0072275)
Assistant United States Attorney

9